The judgment of the court was pronounced by
Preston, J.
The plaintiff alleges, that a judgment having been rendered against him, in favor of the defendant, by the Third District Court of the State, he took a suspensive appeal to the Supreme Court; that his appeal was afterwards dismissed by the district court, and from this judgment of dismissal a suspensive appeal was granted to him.
He further alleges that, notwithstanding his appeals, the defendant had obtained execution on this judgment against him, and that the sheriff of the parish of Jefferson had seized and was about to sell his property, to the irreparable injury of his rights.
The defendant in injunction took a rule on the plaintiff, returnable the 12th of January, 1850, to show cause why the injunction granted should not be dissolved, on the ground that the petition set forth no legal cause for the injunction, and that the same was fraudulently obtained; and moreover prayed for ten per cent interest, and twenty per cent damages, on the amount of the judgment enjoined against the plaintiff and his securities in solido.
On the 12th of January, 1850, the parties appeared, and by consent continued the rule until the 26th of January ; and on the same day the defendant filed his answer to the petition for an injunction. In his answer he reiterated the grounds taken in the rule for setting aside the injunction ; and moreover alleged that both the appeals which the plaintiff pretended to have taken had been decided against him by the Supreme Court. He further alleged that the appeal taken by him from the judgment on the rule to set aside the first appeal, was evidently taken to gain an advantage from an appeal which he was aware could not be sustained.
On the 26th of January, the day fixed for the trial of the rule, the plaintiff did not appear to prosecute his injunction, but the defendant proceeded to try his rule, and the court, by an examination of the record of the suit between the parties, was satisfied that there was no ground for the injunction, but that it had been obtained for delay, and by it plaintiff had arrested the execution of a judgment against him for nine hundred dollars with five per cent interest from the 4th of January, 1849. He therefore dissolved the injunction, and condemned the plaintiff and his securities to pay the defendant one hundred and eighty dollars, being five per cent additional interest on the judgment enjoined, and fifteen per cent damages.
The plaintiff has appealed, and assigns for errors: 1st. That as the plaintiff did not apper at the trial, no judgment but a judgment of non-suit could have been rendered. 2d. That the pleadings do not authorise the judgment. 3d. Neither the rule nor the answer contains any denial of the allegations in plaintiff’s petition.
The plaintiff referred to the record alone in the original suit to maintain, and the defendant to dissolve, the injunction. It was therefore a proper case to be tried on a motion to dissolve the injunction for matters appearing on the face of the papers; and whatever appeared on the face of the papers which showed that the injunction should bo dissolved, was a proper matter of enquiiy. Hebert v. Jolly et als. 5 L. R. 52., It was therefore the duty, of the judge, on the trial of the rule to dissolve the injunction, to examine tie record in the original suit as well as the pleadings in the suit for an injunction : which he did ; and by the examination of the whole, found the reasons for his judgment, which we cannot pronounce erroneous because the original record is not before us.
The act of 1831 accorded to the defendant in injunction interest and damages on the dissolution of the injunction. It does not make the distinction for which *300 plaintiff’s counsel contends, between an injunction sought to evade forever the effect of a judgment and one to prevent its effects temporarily, exempting the plaintiff in injunction in the latter case from damages; and we see no reason for the distinction.
The defendant had a right to claim interest and damages on the trial of the motion to dissolve the injunction; and the plaintiff could not deprive him either of the trial of the rule or such inter,esf and damages by failing to appear and prosecute his suit for an injunction.
A plaintiff cannot, by discontinuing or submitting to a nom-suit, .prevent a defendant from trying his claim in reconvention. The claim of a defendant in an injunction for interest and damages, if not a claim in reconvention, is so analogous that the same rule as to trial may with great propriety be applied to both.
The judgment of the district court is therefore affirmed, with costs in both courts.